UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SATNAM SINGH              )
    Plaintiff,            )
                          )
                          )
v.                        )   CIVIL NO. 07-1064 (RJL)
                          )
FEDERAL BUREAU OF INVESTIGATION )
    Defendant.            )

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, by and through the undersigned counsel, hereby replies to Plaintiff's Response to Defendant's Motion For Summary Judgment (Plaintiff's Response).[1] In his response Plaintiff does not offer any evidence to dispute any material facts asserted by defendant. He merely posits that because defendant stated that he would provide additional information if properly requested that that means "....they have more information." Plaintiff's Response at 1. Plaintiff fails to indicate in any way whatsoever that there is any evidence that defendant did not respond fully to his FOIA requests. Accordingly, the Court should grant Defendant's Motion For Summary Judgment and the complaint should be dismissed.

Summary judgment is appropriate when the record shows that no genuine issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. Anderson v.

---

[1] *Pro se* Plaintiff has submitted a response, more than a month after this Court's deadline to provide a response, that is labeled as a "Motion for Summary Judgment" [Dkt. Nos. 15 and16], to defendant's pending Summary Judgment Motion. Because Plaintiff's 'response' does not comport with either the local or federal rules for motions for Summary Judgment, Defendant, unless otherwise instructed, treats Plaintiff's 'response' as an opposition to his Motion for Summary Judgment.

Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986); Tao v. Freeh, 27 F.3d 635, 638 (D.C. Cir. 1994). In determining whether a genuine issue of material fact exists, the trier of fact must view all facts, and reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. Matsushita, 475 U.S. at 587. The mere allegation of the existence of a factual dispute, however, will not defeat summary judgment. The non-moving party must show that the dispute is genuine and material to the case. That is, the factual dispute must be capable of affecting the substantive outcome of the case and be supported by sufficiently admissible evidence that a reasonable trier of fact could find for the non-moving party. Anderson, 477 U.S. at 247-48; Laningham v. U.S. Navy, 813 F.2d 1236, 1242-43 (D.C. Cir. 1987). If the evidence favoring the non-moving party is "merely colorable, or is not significantly probative, summary judgment may be granted." Id. (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986)). "[A] complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial[,] [and] [t]he moving party is 'entitled to judgment as a matter of law.'" Celotex Corp., 477 U.S. at 323 (citations omitted).

Indeed, mere conclusory allegations are not enough to survive a motion for summary judgment. Harding v. Gray, 9 F.3d 150, 154 (D.C. Cir. 1993); Rowland v. Riley, 5 F. Supp.2d 1, 3 (D.D.C. 1998); Benn v. Unisys Corp., 176 F.R.D. 2 (D.D.C. 1997). Likewise, an affidavit which merely recites conclusory allegations will not defeat summary judgment. See Lujan v. National Wildlife Federation, 497 U.S. 871, 888-89 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.") In this case, Plaintiff does not dispute any of the material facts concerning either the

search efforts or the rationale behind any redacted or withheld documents.  The bald assertion that "they have more information" does not put into dispute any genuine relevant material fact. Plaintiff's Response p.1.  Further, the one hundred and nine page Second Declaration of David Hardy, recounts, in detail, the justifications concerning redactions, segregability and withheld material in addition to the exhaustive search efforts. See generally, Dkt. 14, exhibit #3. Plaintiff does not directly challenge any of those justifications.

The FOIA confers jurisdiction upon the District Court to provide relief to a plaintiff only where requested documents have been "improperly withheld" by an agency.  5 U.S.C. § 552(a)(4)(B).  The courts have interpreted this section of the statute to mean that jurisdiction only exists upon a showing by the plaintiff that the defendant (1) improperly (2) withheld (3) agency records.  See Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 150 (1980).

"The plaintiff must show that the agency 'contravened all three components of this obligation' in order for jurisdiction to be valid." Kuffel v. U.S. Bureau of Prisons, 882 F.Supp. 1116, 1120 (D.D.C. 1995) (citing Kissinger, 445 U.S. at 151.)  Absent such a showing, FOIA confers no "judicial authority to devise remedies and enjoin agencies." Defendant has proved that it conducted an adequate search and that no responsive documents were found.  Therefore the defendant's motion to dismiss or in the alternative for summary judgment should be granted.

In consideration of the record herein, Defendant therefore respectfully requests that this Court grant its dispositive motion.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, Bar # 434122
Assistant United States Attorney

_____/s_____
BENTON G. PETERSON, Bar #1029849
Assistant United States Attorney
Judiciary Center Building
555 4th Street, N.W. – Civil Division
Washington, D.C. 20530
(202) 514-7238 514-8780 (Facsimile)
 **Benton.Peterson@usdoj.gov**

## CERTIFICATE OF SERVICE

    I certify that the foregoing was served upon plaintiff by depositing a copy of it in the U.S. Mail, first class postage prepaid, addressed to:

>Satinam Singh
>Inmate #79538
>Northwest State Correctional Facility
>3649 North Newton Road
>Swanton, Vt. 05488

on May 16, 2008

                                            ____/s/_____
                                             Benton Peterson
                                             Assistant U.S. Attorney